# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| PAOLA LORENZO CEPEDA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> U.S. CUSTOMS AND BORDER § <br> PROTECTION; U.S. IMMIGRATION § <br> AND CUSTOMS ENFORCEMENT; § <br> AND U.S. CITIZENSHIP AND § <br> IMMIGRATION SERVICES, § <br> § <br> Defendants. § | Cause No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Paola Lorenzo Cepeda ("Ms. Lorenzo" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendants, United States Customs and Border Protection ("CBP"), United States Immigration and Customs Enforcement ("ICE"), and United States Citizenship and Immigration Services ("USCIS"), to produce records responsive to multiple FOIA requests she filed seeking her immigration records.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. This court also has both subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. § 552(a)(4)(B). Venue is proper in the Southern District of Texas pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Paola Lorenzo Cepeda is a twenty-one-year-old woman who was born in Tamaulipas, Mexico. Plaintiff currently resides in Hidalgo County, Texas.

1

4. Defendant CBP is a component agency of the Department of Homeland Security ("DHS") and is responsible for providing border management and security and facilitating international travel and trade. CBP is an agency within the meaning of 5 U.S.C. § 552(f)(1).

5. Defendant ICE is a component agency of DHS and is responsible for enforcing federal immigration laws. ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

6. Defendant USCIS is a component agency of DHS and is responsible for the adjudication of applications for immigration benefits and the establishment of policies and priorities for immigration services. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

7. Defendants, CBP, ICE, and USCIS, have control over the records Plaintiff seeks.

## FACTUAL BACKGROUND

8. Ms. Lorenzo has resided in the U.S. since she was around three years old.

9. Ms. Lorenzo is currently in removal proceedings before the immigration court in Harlingen, Texas.

10. The records Ms. Lorenzo has requested from Defendants through FOIA contain critical and otherwise unavailable information relevant to Ms. Lorenzo's eligibility for relief from deportation.

## FOIA STATUTE

11. The Freedom of Information Act (FOIA), 5 U.S.C. § 552, mandates disclosure of records held by a federal agency in response to a request for such records by a member of the public unless the records sought fall within certain narrow statutory exemptions.

12. Any member of the public may request records from an agency of the United States under FOIA. 5 U.S.C. § 552(a)(3). An agency that receives a FOIA request must respond

in writing to the requester within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). In its response, the agency must inform the requester whether or not it intends to comply with the request, provide reasons for its determination, and inform the requester of his or her right to appeal the determination. *Id*. FOIA provides for an extension of this deadline "[i]n unusual circumstances" but limits this extension to "ten working days." *Id*. § 552(a)(6)(B)(i).

13. FOIA requires an agency to timely disclose all records to a FOIA request that do not fall within nine narrowly construed statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A); 552(b)(1)-(b)(9). FOIA also requires an agency to make reasonable efforts to search for responsive records. 5 U.S.C. § 552(a)(3)(C).

14. A FOIA requester is deemed to have exhausted all administrative remedies if the agency fails to respond to the request within statutory time limits. 5 U.S.C. § 552(a)(6)(C)(i).

15. Upon a requester's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FOIA REQUESTS

### FOIA Request to CBP on May 20, 2020 (Tracking Number: CBP-2020-054972)

16. On May 20, 2020, Plaintiff submitted a FOIA request to Defendant CBP requesting the following records:

> Any record relating to any apprehension, including but not limited to an apprehension that may have occurred in Texas in or around 09/05/2009 resulting in a voluntary return. The records are requested with regard to the Subject of Record (SOR). All combinations of name, similar name, known or suspected alias, identification numbers, and other biographic information for the SOR should be fully searched upon. All records related to the SOR should be produced without exception.

17. On May 22, 2020, CBP acknowledged receipt of the request and assigned it tracking number CBP-2020-054972.

18. On June 5, 2020, CBP produced an incomplete response of only some of the records Plaintiff requested—a total of three pages. The response stated that a "search of CBP databases produced records responsive to your Freedom of Information Act (FOIA) request CBP-2020-054972, requesting records maintained by CBP. CBP has determined that the responsive records are partially releasable, pursuant to Title 5 U.S.C. § 552." The records released by CBP, consisting of Plaintiff's Form I-213 Record of Deportable/Inadmissible Alien ("I-213") dated September 5, 2009, were redacted pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).

19. Page three of Plaintiff's 2009 I-213 states, "Subject was granted a voluntary return to Mexico with her parents after I 826 service form was served." Form I-826, "Notice of Rights and Request for Disposition," is a form generated by CBP when effectuating a voluntary return, a procedure whereby CBP officers permit noncitizens to voluntarily depart the United States at their own expense rather than undergoing formal removal proceedings. However, no Form I-826 was produced by CBP in its June 5 production.

20. On June 8, 2020, Plaintiff filed an administrative appeal of CBP's incomplete response, listing the following grounds for appeal:

> I am appealing because a comprehensive search of all records has not been performed, all available records responsive to the request have not been produced, and improper redactions have been made. At minimum, an I-826 that is referenced in the I-213 was not produced.

The appeal was assigned tracking number CBP-AP-2020-058549.

21. On June 25, 2020, CBP responded to Plaintiff's appeal. CBP released some information contained in the I-213 that had previously been redacted. CBP released no additional

records beyond the three pages previously released in its initial production. The Form I-826 requested by Plaintiff on appeal was not produced nor was it discussed in CBP's five-page correspondence addressing Plaintiff's appeal.

**FOIA Request to ICE on November 30, 2018 (Case Number: 2019-ICFO-23098)**

22. On November 30, 2018, Plaintiff submitted a FOIA request to Defendant ICE requesting the following:

> I request all records related to my detention by ICE in Laredo, Texas, in around August 2017, including but not limited to the following: any I-213; any record related to any custody determination; and any record related to medical evaluation or treatment I may have received.

23. In correspondence dated December 3, 2018, ICE acknowledged receipt of Plaintiff's request and assigned it case number 2019-ICFO-23098.

24. On December 10, 2018, ICE produced an incomplete response of only some the records Plaintiff requested. The response stated that a "search of the ICE Office of Enforcement and Removal Operations (ERO) for records responsive to your request produced 6 pages that are responsive to your request," and attached six pages, composed of printouts of online displays of Plaintiff's "Case Summary," "Person History," and "Encounter Summary." The six pages were redacted pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).

25. In its December 3, 2018, correspondence, ICE also stated that the agency referred an unknown number of Plaintiff's records to USCIS:

> [P]ortions of the information you are seeking are under the purview of the [USCIS], a DHS component. Therefore, I am referring your request to the FOIA Officer for [USCIS], Jill Eggleston, for processing and direct response to you.

As discussed below, USCIS has produced some of Plaintiff's records, but it is unclear whether the records USCIS produced include these records that ICE allegedly referred to USCIS.

26. After Plaintiff contacted USCIS to follow up on the records referred to USCIS by ICE, USCIS stated on July 1, 2020, "The request associated with the reference ICE referral appear to have been processed under NRC2018181722, received in our office December 3, 2018." This response from USCIS was not clarifying. As discussed below, USCIS's production corresponding to NRC2018181722 referred 71 pages of records back to ICE. Plaintiff's records have been shuffled between agencies with neither USCIS nor ICE complying with FOIA law to produce the records requested.

**FOIA Request to USCIS on November 30, 2018 (Control Number: NRC2018181722)**

27. On November 30, 2018, Plaintiff submitted a FOIA request to Defendant USCIS requesting a copy of her A-file.

28. In correspondence dated December 7, 2018, and December 14, 2018, USCIS acknowledged receipt of the request and assigned it control number NRC2018181722.

29. On December 19, 2019, USCIS produced an incomplete response of only some of the records Plaintiff requested. The response stated: "We have completed the review of all documents and have identified 104 pages that are responsive to your request. Enclosed are 27 pages released in their entirety and 5 pages released in part. We are withholding 1 page in full." The records released by USCIS were redacted pursuant to FOIA Exemptions (b)(7)(C) and (b)(7)(E).

30. Of the 104 responsive pages, USCIS identified "71 pages of potentially responsive document(s) that may have originated from [ICE]. USCIS has sent these document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you."

31.     To date, Plaintiff has not received any communication from ICE acknowledging receipt of records referred from USCIS. It is unclear whether the six pages ICE produced are among the 71 pages that USCIS allegedly referred to ICE, and if so, what status ICE has assigned to the remaining responsive documents received from USCIS.

32.     Some 17 months later, having received no further response or production of records from Defendants ICE or USCIS, Plaintiff contacted ICE on May 15, 2020, to request that the agency produce the records referred to ICE by USCIS. ICE responded to Plaintiff's inquiry on May 19, 2020, stating, "In researching your FOIA request (NRC2018181722), we have determined it is part of a backlog of requests received by this office."

33.     To date, Plaintiff has not received any subsequent correspondence or records from Defendants USCIS or ICE.

**FOIA Request to ICE on May 20, 2020 (Case Number: 2020-ICFO-44790)**

34.     On May 20, 2020 Plaintiff submitted a second FOIA request to Defendant ICE requesting the following:

> All records related to detention by ICE in Laredo, Texas, in around August 2017, including but not limited to the following: any I-213; any record related to any custody determination by ICE; any record related to medical evaluation or treatment received while in ICE custody in 2017; any record relating to an apprehension and return or removal that may have occurred in Texas in or around 09/05/2009; any record referred to ICE by USCIS referenced in their correspondence dated December 19, 2018, relating to USCIS FOIA request NRC2018181722; and any other available record. The records are requested with regard to the Subject of Record (SOR). All combinations of name, similar name, known or suspected alias, identification numbers, and other biographic information for the SOR should be fully searched upon. All records related to the SOR should be produced without exception.

35.     In correspondence dated May 22, 2020, ICE acknowledged receipt of Plaintiff's request, assigned it case number 2020-ICFO-44790, and invoked a 10-day extension for Plaintiff's request pursuant to 6 C.F.R. Part 5 § 5.5(c).

36. More than 30 business days have passed, and ICE has not produced any documents responsive to this request.

37. As set forth above, Plaintiff has exhausted her administrative remedies with respect to each of the requests detailed above. 5 U.S.C. § 552(a)(6)(C)(i).

38. Plaintiff is eligible for waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) as specified in her requests.

## CAUSES OF ACTION

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

39. Plaintiff realleges and incorporates the allegations contained in the foregoing numerical paragraphs as if each such allegation was fully set forth herein.

40. Defendants have violated 5 U.S.C. §§ 552(a)(3)(A); 552(b)(1)-(b)(9) by failing to promptly release non-exempt and non-excluded agency records responsive to the FOIA requests detailed above.

41. Defendants have violated 5 U.S.C. § 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to the FOIA requests detailed above.

42. Defendants have violated 5 U.S.C. § 552(a)(6)(A)(i) by failing to make a determination regarding the FOIA requests detailed above within the governing statutory time limit.

43. Defendants have violated 5 U.S.C. § 552(b)(1-)(b)(9) by improperly exempting records responsive to the FOIA requests detailed above from disclosure.

44. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) on the basis of the foregoing violations and because Defendants continue to improperly withhold agency records in

violation of FOIA. Plaintiff will suffer irreparable injury from, and have no adequate remedy for, Defendants' illegal withholding of government documents subject to her FOIA requests.

45. Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual and justiciable controversy exists regarding Defendants' improper withholding of agency records in violation of FOIA, as set forth in preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Declare that Defendants' failure to timely process Plaintiff's requests and disclose the records requested by Plaintiff is unlawful;

(b) Order Defendants to immediately and expeditiously process Plaintiff's FOIA requests and, upon such processing, to make the requested records available to Plaintiff;

(c) Order Defendants to waive fees as appropriate and in accordance with 5 U.S.C. § 552(a)(4)(A)(iii);

(d) Award Plaintiff reasonable attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(e) Grant any such other relief as the Court may deem just and proper.

Dated: July 2, 2020                                                    Respectfully Submitted,

*By: /s/ Lauren Joyner*
Lauren Joyner
Texas State Bar: 24098893
TEXAS RIOGRANDE LEGAL AID, INC.
316 S. Closner Blvd.
Edinburg, TX 78539
Tel: 956-383-6219
Fax: 956-383-4688
Email: ljoyner@trla.org

Sofia Meissner
Texas State Bar: 24098089
TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, TX 79901
Tel: 915-585-5123
Fax: 915-544-3789
Email: smeissner@trla.org